Tom HOLT and Plains Insurance Company, a Foreign Corporation, Petitioners,

v.

Robert J. BELL, Judge of the District Court of Pittsburg County, State of Oklahoma, Respondent.

No. 40599.

Supreme Court of Oklahoma.

April 7, 1964.

As Amended May 19, 1964.

Rehearing Denied May 19, 1964.

Alex Check, Oklahoma City, for petitioner Plains Ins. Co.

Raymond E. Tompkins, Oklahoma City, for petitioner Tom Holt.

Brown, Brown & Brown, McAlester, for respondent.

JOHNSON, Justice.

This application for writ of prohibition seeks to prohibit the District Court of Pittsburg County, Oklahoma, from trying an action against two allegedly misjoined defendants and seeks the dismissal as to one of such defendants.

The facts are that Robert Trueblood and his wife, Betty Trueblood, commenced two separate actions in the District Court of Pittsburg County to recover damages growing out of an automobile collision between plaintiffs' car and the defendant Tom Holt's car. The two actions have been consolidated for trial and will hereafter be referred to as one. The defendants named were Tom Holt, the owner and operator of the motor vehicle involved in the collision, and the Plains Insurance Company.

The petitions allege that the plaintiffs were the insureds under an automobile policy issued by the defendant Plains Insurance Company, under which policy the company agreed to pay all sums which plaintiffs should become "legally entitled to recover" as damages from the owner-operator of an uninsured automobile because of bodily injury sustained by the insured. The petitions allege that the defendant operator, Tom Holt, was an uninsured motorist, and that by reason of his negligence causing the accident plaintiffs are entitled to recover against the defendant operator and plaintiffs' insurer.

In Boughton v. Farmers Insurance Exchange, Okl., 354 P.2d 1085, 79 A.L.R.2d 1245, the insured brought an action against its insurer to recover for the damages insured sustained as a result of an accident with an uninsured motorist. In that case we held:

"Where an automobile insurance policy provides that insurer shall pay insured all sums insured shall be legally entitled to recover as damages from an uninsured motorist and insured suffers damages as a result of a collision with an uninsured motorist, institutes an action after notice to the insurer and obtains a judgment against the uninsured motorist; a petition alleging, inter alia, the judgment against the uninsured motorist states a cause of action against the insurer and a trial court order sustaining a demurrer to such petition is error."

We are now confronted with the question of whether the insurer can be joined in one suit with the tort-feasor—a contention diametrically opposite to the contention in the Boughton case, supra. It was the contention of the insurance company in the Boughton case that the judgment against the uninsured motorist was not binding on it for the reason that it was not a party to that action.

We have consistently held in tort actions when liability insurance is involved that the insurer cannot be joined with the tort-feasor unless it is a policy required by statute, as in the case of a motor carrier.

Subscribers at Casualty Reciprocal Exchange v. Sims, Okl., 293 P.2d 578 and Eckels v. Traverse, et al., Okl., 362 P.2d 683.

To a limited extent, the reasoning of those cases is applicable in a case such as the one at bar. The presence of an insurer as a party defendant might have the same effect upon a jury as in a liability policy. The jury might conclude that inasmuch as insurance was involved that the size of the verdict should be increased.

In addition to this phase, we are impressed with the following:

■ 1. Tort liability for personal injuries is an unliquidated claim, and until the amount thereof is ascertained the plaintiff is "not legally entitled to recover." Under the provisions of the policy, this amount may be determined by agreement between the insured and insurer or by judgment of a court, obtained by the insured against the tort-feasor after notice given to the insurer according to the terms of the policy. These two provisions are as follows:

" * * * and if so the amount thereof, shall be made by agreement between the insured or such representative and the company * * *."

" * * * If, before the company makes payment of loss under the Uninsured Motorists Coverage, the insured or his legal representative shall institute any legal action for bodily injury against any person or organization legally responsible for the use of an automobile involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the company by the insured or his legal representative."

■ 2. When the parties are placed in a position where the interest of an insurer is to defeat the claim of its own insured, the position of the parties is such that the court cannot countenance the situation. The placing of the parties thusly virtually makes the plaintiffs' insurer the liability insurer of the defendant and interested in defeating plaintiffs' claim. Such being the case, under the holdings of this court, the insurer cannot be joined as a party defendant.

The writ is therefore granted with instructions to strike the insurer as a party defendant in both cases.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, WILLIAMS and BERRY, JJ., concur.

JACKSON and IRWIN, JJ., dissent.

JACKSON, Justice (dissenting).

The plaintiff in the trial court has an insurance policy wherein the insurance company contracted in substance, as follows:

"The Company will pay all sums which the insured (plaintiff herein) shall be legally entitled to recover. * * * from the owner * * * of an uninsured automobile. because of bodily injury * * *."

The insurance contract also provided:

" * * * provided, for the purpose of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration."

The provision for arbitration was held void in Boughton v. Farmers Insurance Exchange, Okl., 354 P.2d 1085, 79 A.L.R. 2d 1245, annotated 79 A.L.R.2d at page 1252, and supplemented in 1964 (Vol. 4) A.L.R.2d Supp. Service, page 1762.

In the Boughton case the plaintiff first brought an action against the uninsured motorist and obtained judgment. Plaintiff then brought an action against the insurance company and we held "under the facts in this (Boughton) case" that the insurance company may not *now* say that it is entitled to relitigate the issues of uninsured's legal liability and the amount thereof.

This is the first time that this court has been called upon to direct the trial court procedurally where plaintiff brings a direct action against the insurance company to determine uninsured's legal liability.

It must be noticed that the insurance contract contemplated that insured would bring a direct action against the insurance company before a board of arbitration to establish uninsured's liability and the amount thereof. This provision being voided, and the insurance contract making no other procedural requirements to meet such a contingency, it seems to me that insured may bring a direct action against his insurance company. Company's obligation to insured is a direct obligation, as much so as if the policy had related to fire insurance coverage.

In Travelers Indemnity Company v. De-Bose, Sup., 226 N.Y.S.2d 16, insured's cause of action against the uninsured motorist was barred by limitations. Insured filed a direct action against his insurance carrier under uninsured motorist coverage. The company contended that since insured had not proceeded first against the uninsured motorist he was barred as against the company. That court disagreed and held that insured was legally entitled to proceed directly against the insurance company, in the following language:

"That clause ('legally entitled to recover as damages') has been construed to mean damages as a result of liability imposed by law, to-wit, the issues of causative negligence and contributory negligence, and the resulting question of damages. * * * The court does not construe that clause to mean, as petitioner's argument would seem to indicate, legal liability for damages as determined by a court of law in an action brought by the insureds against the uninsured motorist. The contract specifically specified the manner of making such determination: first, by agreement, and secondly, failing in this by arbitration."

In editorial syllabi in the New York case it was said:

"1. Automobile insurer may assert, as defenses, to claim under uninsured motorist coverage, the non-negligence of the uninsured, insured's contributory negligence, and lack of damage, but does not succeed to uninsured motorist's procedural defense of statute of limitations.

"2. Insured under uninsured motorist coverage did not breach trust clause of policy by not bringing suit against allegedly uninsured motorist.

"3. Insureds' bringing suit against allegedly uninsured motorist was not condition precedent to insurer's liability under uninsured motorist coverage, which entitled insured to recover what they were entitled to recover as damages from uninsured motorist."

For all practical purposes insured's legal entitlement to recover from an uninsured motorist, and the amount thereof, can be determined as readily and efficiently in a direct action against the insurance company as in an action against the uninsured motorist.

A requirement that insured must first proceed to judgment against the uninsured motorist will present multiple problems. Where the uninsured motorist was killed in the accident insured will be required to have an administrator appointed to represent the uninsured motorist; if the uninsured motorist is a "hit and run" driver additional problems will be presented; and if uninsured refuses to let the insurance company defend or participate in the action, questions of due process will arise. Such a procedure will require vexatious and fruitless actions against indigent and bankrupt motorists; it will encourage insurance companies and their attorneys to solicit the defense of uninsured motorists; and will put the insured plaintiff to the expense and delay of trying two law suits in order to collect one judgment.

I am of the view that a direct action may be maintained against the insurance company.

Is it permissible to join the uninsured motorist in an action against the insurance company? I am of the view that it is. Uninsured motorist coverage is not liability insurance.

In 12 O.S.1963 Supp. § 323, it is provided:

"All claims which arise out of the transaction or occurrence that is the foundation of the plaintiff's claim and *which contain common questions of fact,* may be joined in one action, and any person who is liable on such a claim may be joined as a party to the action. The court may order a separate trial of any claim or of any issue in the furtherance of a just and prompt determination of the controversy and to avoid delay or prejudice. Nothing herein permits the joinder of liability insurers or creates any right of contribution or indemnity which has not heretofore existed." (Separate trials may be ordered to prevent prejudice— 12 C.S.1961 § 265.) (Emphasis and parenthesis supplied.)

I am conscious of the rule that a plaintiff may not tell the jury that the defendant is protected by liability insurance, Redman v. McDaniel, Okl., 333 P.2d 500, and the rule that a defendant may not tell the jury that he is not protected by liability insurance, Bacon v. Wass, 200 Okl. 581, 198 P.2d 423. The reasons for those rules are not present in this case.

Here the plaintiff has elected to join the uninsured motorist in the action against the insurance company. In doing so I think he has waived the rule in Bacon v. Wass, supra, if he insists upon trying the two cases together. If the uninsured defendant may not tell the jury that he is not protected by insurance the jury would undoubtedly get the impression that the Company would pay the judgment; whereas, in truth the uninsured motorist is the insurance carrier for Company under subrogation provisions of the insurance policy.

In view of the foregoing considerations, I am of the view that the plaintiffs may proceed against their insurance company without first obtaining a judgment against the uninsured motorist.

In 12 O.S.1961 § 231, it is provided that any person may be made a defendant who claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination of the question involved. The uninsured motorist is not a necessary party to a complete determination of plaintiffs' rights against their insurance carrier. While I am of the view that in an action against the insurance company the uninsured motorist may be joined as a party defendant, the trial court in the furtherance of justice and to avoid prejudice, may order separate trials. I see no occasion for issuing the writ of prohibition. The trial court undoubtedly has carefully considered, or will carefully consider, the question of whether the actions against the defendants may be jointly tried without prejudice.