Charles M. JOHNSON and Charlene J. Johnson, Plaintiffs in Error,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, a reciprocal or inter-insurance exchange, Defendant in Error.

No. 41961.

Supreme Court of Oklahoma.

Dec. 16, 1969.

Hudson, Hunter & Hyde, Oklahoma, City, for plaintiffs in error.

Rinehart, Morrison & Cooper, Oklahoma City, for defendant in error.

JACKSON, Justice.

This is an appeal by plaintiffs in the trial court, Charles M. Johnson and Charlene J. Johnson, from a judgment for defendant in their action against United Services Automobile Association, a reciprocal or inter-insurance exchange. The action was based upon the uninsured motorist's coverage of an insurance policy issued in North Carolina by defendant insurer. It is noted that the cause of action arose and trial was had prior to the adoption by the Oklahoma Legislature of the statutory provisions concerning uninsured motorists coverage now codified as 36 O.S. 1968 Supp., Sec. 3635 et seq.

Before bringing this action against the insurer in the District Court of Oklahoma County, plaintiffs had obtained a judgment against the uninsured motorist in the District Court of Comanche County. The insurer had notice of the prior action in Comanche County but did not participate in it, either as a party or otherwise. Before bringing the Comanche County action, plaintiffs, pursuant to a provision of the insurance policy, sought the written consent of the insurer to proceed against the uninsured motorist. Insurer refused to give such consent.

In their pleadings and proof in the later action in Oklahoma County which resulted in this appeal, plaintiffs relied entirely upon the Comanche County judgment to establish the liability of the uninsured motorists and the amount of their damages. They introduced no evidence as to the negligence of the uninsured motorist or the extent of their injuries and damage. The trial court concluded that the Comanche County judgment against the uninsured motorist could not be utilized by plaintiffs to establish liability and the amount of damages in this action against the insurance company, and held that the allegations of plaintiffs' petition were not supported by the evidence.

Plaintiffs' principal argument on appeal is that they were entitled to rely upon the Comanche County judgment against the uninsured motorist to establish the liability and the amount of their damages in this action against the insurance company on the insurance contract. They rely principally upon Boughton v. Farmers Insurance Exchange, Okl., 354 P.2d 1085, 79 A.L.R.2d 1245 (1960), and Holt v. Bell, Okl., 392 P.2d 361 (1964).

We are of the view that Boughton and Holt are not decisive, as hereinafter explained, and that the trial court correctly entered judgment for defendant insurance company.

The insurance contract in the instant case was written in North Carolina and its provisions for recovery against the insurance company were significantly different from those involved in the Boughton and Holt cases. It provides:

"For the purposes of this endorsement (Protection Against Uninsured Motorist Insurance), determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between insured or such representative and the company or,

if they fail to agree and the insured so demands, by arbitration; *but if the insured elects not to arbitrate, the liability of the company shall be determined only in an action against the company and no prior judgment against any person or organization alleged to be legally responsible for such damages shall be conclusive of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company.* In any such action against the company, the company may require the insured to join such person or organization as a party defendant." (emphasis supplied)

In the instant case it is noticed that the insurance policy specifically provides that if insured elects not to arbitrate "the liability of the company shall be determined only in an action against the company", and that no prior judgment against another person alleged to be responsible for the damages shall be conclusive of the issues of liability or the amount of damages to which insured is legally entitled from the company unless company gave its consent to the prior action.

Although contrary to the provisions of 15 O.S. 1961, Section 216, which provides in substance that every stipulation in a contract whereby any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals is void, the insurance policy in the Boughton case restricted insured's remedy to arbitration for the purpose of determining insured's right to recover and, if so, the amount thereof. The policy also provided that there was no insurance coverage if insured should prosecute to judgment any action against the uninsured motorist without the written consent of the company. Under the Boughton policy Boughton was led to believe she was barred from the use of the courts to establish liability and obtain a judgment against the insurance company. Under all the facts and circumstances as recited in that decision this court held that "Exchange cannot now say, under the facts in this case, that it is entitled to relitigate these issues when it agreed to pay that which has already been determined."

In the Boughton case, as noted in this court's decision (page 1088), the trial court found that the insurance company was not estopped to retry or relitigate the question of liability of the uninsured motorist or the amount of damages suffered by plaintiff. We held in effect, under the insurance policy, the conduct of the company, and the facts of that case, that the insurance company was estopped to relitigate those issues. Estoppel may be utilized to prevent an injustice. Fipps v. Stidham, 174 Okl. 473, 50 P.2d 680 (1935). Whether Boughton could have brought a direct action against the insurance company and litigated the questions of the uninsured motorist's liability and the amount thereof was not decided in that case.

In the Holt case the question presented was whether plaintiffs' insurance company could be joined as a party defendant in actions brought against an uninsured motorist. This court held that it could not, and directed the trial court to strike the insurance company from the cases in the trial court. In that case this court concluded that the insurance policy involved therein authorized prior actions against the uninsured motorist to determine the question of liability and the amount thereof. Therein the court said (page 363 of 392 P.2d):

"Tort liability for personal injuries is an unliquidated claim, and until the amount thereof is ascertained the plaintiff is 'not legally entitled to recover.' Under the provisions of the policy, this

amount may be determined by agreement between the insured and insurer or by judgment of a court, obtained by the insured against the tortfeasor after notice given to the insurer according to the terms of the policy." (emphasis supplied)

Again the court did not determine whether all issues necessary for recovery could have been litigated and determined in an action solely against the insurance company.

In the instant case the insurance contract specifically authorized a direct action against the insurance company. It further provided that any prior judgment against an uninsured motorist would not be conclusive of the issues of liability or the amount of damages unless the action was prosecuted with the written consent of the company.

The insurer has a legitimate interest in having its liability, and the amount of damages, determined in a truly adversary proceedings, and it also has an interest in protecting its right, retained in the policy, to proceed in the name of the insured against the uninsured motorist, to recoup whatever insured would have been entitled to receive from the uninsured motorist.

Without the written consent clause, insurer could not be sure of participating in, or controlling the defense of, the action against the uninsured motorist.

■ Plaintiffs also argue that, by refusing to give a reason for denying written consent to proceed against the uninsured motorist, the insurer waived the "written consent" requirement. We are unable to agree. Plaintiff had a legal right to proceed in a direct action against the insurance company and the policy in the instant case recognized that right. Levy v. American Automobile Ins. Co., 31 Ill.App.2d 157, 175 N.E.2d 607, is not applicable. Under the insurance policy in this case it was optional with the company as to whether it would, or would not, give its consent to an action against the uninsured motorist.

The judgment of the trial court is affirmed.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, HODGES, LAVENDER and McINERNEY, JJ., concur.

BLACKBIRD, J., concurs in results.