Helen F. HIGH et al., Appellants,

v.

SOUTHWESTERN INSURANCE COMPANY, a corporation, Appellee.

No. 45597.

Supreme Court of Oklahoma.

March 19, 1974.

Robert T. Keel, Oklahoma City, for appellants.

Jake Hunt, Hunt & Thomas, Oklahoma City, for appellee.

SIMMS, Justice:

Plaintiff, Mrs. High, and her children, appellants herein, were allegedly injured when the automobile in which they were riding was struck by a hit and run vehicle, the driver of which remains unknown.

Mrs. High, individually, and as the next friend of her two minor sons, first filed a petition against "John Doe", the unidentified driver of the hit and run vehicle. J. M. Dozier, claims manager of appellee insurance company was served with summons as the agent of "John Doe." No answer was filed on behalf of the unknown motorist.

Plaintiffs then filed an amended petition making both "John Doe" and appellee insurance company defendants, alleging a liability on the part of appellee company under the uninsured motorist provisions of the policy of insurance Mrs. High had on her automobile with appellee company.

The pertinent provisions of the insurance contract reads as follows:

" . . . the company will pay in accordance with Title 36 Oklahoma Statutes 1961 all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle."

One of the definitions of an uninsured highway vehicle contained in the insurance policy is:

"(b) a hit and run vehicle: 'hit and run vehicle means a highway vehicle which causes bodily injury arising out of physical contact of such vehicle and the insured, . . . provided, there cannot be ascertained the identity of either the operator or owner of such vehicle."

Appellee insurance company filed a motion to strike the company as a defendant, relying upon Holt v. Bell, Okl., 392 P.2d 361 (1964).

In *Holt, supra,* this Court held that an automobile insurer whose policy contained an uninsured motorist clause could not be joined as a defendant in an insured's suit against the uninsured motorist. In *Holt,* the uninsured motorist was IDENTIFIED.

The trial court sustained appellee's motion to strike and dismissed Southwestern Insurance Company from the case. Thereafter, the trial court rendered a default judgment against "John Doe" in the amount of $31,000.00.

Appellants again filed suit against the insurance company alleging the company's duty to satisfy the $31,000.00 judgment. The insurance company filed an answer containing a general denial and alleging the default judgment was void. Plaintiffs then moved for judgment on the pleadings and the trial court judicially declared that plaintiffs default judgment against "John Doe" "is void because the court lacked jurisdiction of the parties and issues." The trial court dismissed with prejudice plaintiffs case against the insurance company.

Plaintiff alleges the trial court erred in declaring the "John Doe" judgment void. Plaintiff also states that the insurance company had a chance to litigate the issues of liability and damages, but waived that right by asking the trial court to dismiss it from the original action brought against John Doe and the insurance company.

The defendant insurance company urges that the trial court erred in vacating the default judgment, because only the insurance company could move to vacate that judgment. In the alternative, defendant argues that the "John Doe" default judgment is void because it is a "judgment against a fictitious person." Defendant further argues that it did not waive its right to be a party to a litigation of the issues of liability and damages when it asked to be dismissed from the original action when it was a co-defendant with "John Doe." The insurance company reasons that it was acting in good faith under the authority of Holt v. Bell, *supra.* Defendant further urges the proper manner for plaintiff to proceed would be under the contract in a direct action against the insurance company.

## I. THE VALIDITY OF THE JOHN DOE JUDGMENT

We shall first consider whether the trial court erred in declaring the "John Doe" default judgment void because the trial court did not have "jurisdiction of the defendant."

Title 12, O.S.1971, § 320 allows suit against unknown parties:

"When the plaintiffs shall be ignorant of the name of a defendant such defendant may be designated,. in any pleading or proceeding, by any name or description, and when his true name is discovered, the pleading or proceeding may be amended accordingly. The plaintiff, in such case, must state in his petition that he could not ascertain the true name; and the summons must contain the words, 'real name unknown,' *and a copy thereof must be served personally upon the defendant.*" (emphasis supplied)

■ This Court has never construed the unknown parties statute. The Oklahoma Law was derived from the Kansas Code which contains a similar provision. The Supreme Court of Kansas has held that the section applies only where personal service has been made upon the defendant, even though his true name is not known. Whitney v. Masemore, 75 Kan. 522, 89 P. 914 (1907). Likewise, the Oklahoma Statute

clearly states that even though the defendant's true name is unknown the summons must be personally served upon the defendant. If it appears on the face of the petition, summons, and journal entry that a default judgment was rendered without service having been made upon the defendant the judgment is void on its face. Sabin v. Levorsen, 193 Okl. 320, 145 P.2d 402 (1944), cert. den. 320 U.S. 792, 64 S.Ct. 205, 88 L.Ed. 477, rhg. den., 320 U.S. 815, 64 S.Ct. 368, 88 L.Ed. 492.

■ There is no provision in Oklahoma for service upon an individual by service upon his agent. 12 O.S.1971, § 159, requires that the defendant either be served personally or by the service officer leaving the summons at the defendant's residence with a member of the defendant's family over fifteen years of age. The pleadings and judgment roll filed in the instant case clearly show that the only service upon "John Doe" as an individual was service upon an alleged agent. The default judgment is therefore void.

## II. WHETHER THE TRIAL COURT WAS CORRECT IN DECLARING THE DEFAULT JUDGMENT VOID

Plaintiff and defendant both argue that the trial court, on it's own motion, is without authority to declare void, a judgment rendered by another judge. Hudson v. Ely, 36 Okl. 576, 129 P. 11 (1912). Nor, the plaintiff argues, can a mere stranger to a previous judgment successfully prosecute a motion to have the judgment declared void. Cook v. First National Bank, 110 Okl. 111, 236 P. 883 (1925). Plaintiff reasons that the defendant is a stranger to the default judgment because it chose to be dismissed from the case in which the default was rendered.

■ Title 12, O.S.1971, § 1038 provides that a void judgment may be vacated at any time on motion of "any person affected thereby." The insurance company claims that it has never asked that the default judgment be declared void, merely that the judgment should be ignored since

it is a nullity. Defendant's argument is supported by the general rule that a void judgment is no judgment at all. Le Clair v. Calls Him, 106 Okl. 247, 233 P. 1087 (1925).

Arnold v. Joines, 50 Okl. 4, 14, 150 P. 130, 133 (1915), holds:

"A void judgment is, in legal effect, no judgment at all. By it no rights are divested; from it no rights can be obtained. Being worthless, in itself, all proceedings founded upon it are necessarily equally worthless, and have no effect whatever upon the parties or matters in question. A void judgment neither binds nor bars anyone. All acts performed under it, and all claims flowing out of it, are absolutely void. The parties attempting to enforce it are trespassers."

The insurance company argues that even though the judgment is void, the insurance company or "any other person affected by the judgment" must move to have it vacated. Defendant further argues that the court erred in vacating the judgment on its own motion.

■ The insurance company will not be given the opportunity to defeat its insured's claim on the above stated grounds. The insurance company could wait until this Court has ruled on appeal, the suit on the contract has been commenced in the trial court, and then file its motion to vacate the default judgment, and also ask that the contract action be dismissed because it is based on a void judgment. We will not countenance such a situation. The default judgment is void on the face of the pleadings, and we will not give it effect by recognizing it.

## III. THE QUESTION OF THE INSURANCE COMPANY'S RIGHT TO BE A PARTY TO A DETERMINATION OF LIABILITY AND DAMAGES

■ Since we hold that the default judgment rendered against "John Doe" is void, the question of whether the insurance

company is entitled to "re-litigate" the issues of liability and damages is moot. Boughton v. Farmers Insurance Exchange, Okl., 354 P.2d 1085 (1960) is inapplicable. Regardless of the insurance company's actions in seeking dismissal from the original action against "John Doe" and the insurance company, we cannot say that the insurance company does not have a substantial interest in the default judgment. There has never been a valid adjudication of liability and damages in this case. The defendant is entitled to his day in court on these essential issues. The insurance company did not waive that right when it asked to be dismissed from the original action under Holt v. Bell, *supra*. Therefore, the trial judge was correct in determining that the default judgment was void.

■ The trial judge also properly overruled plaintiff's motion for judgment on the pleadings. There remained to be determined proof that plaintiff had a policy of insurance in force, and that an accident and loss thereunder occurred.

■ The trial court, however, apparently relied on the rule in *Holt, supra,* that the plaintiff is not legally entitled to recover under the uninsured motorist clause until the amount of damages is ascertained. That rule applies only in a case, like Holt, involving an *identified* uninsured motorist. The rule has no application where an unidentified hit and run driver is the tortfeasor.

■ Our holding in the Holt case would not prevent the insured under an automobile policy containing an uninsured motorist clause from suing solely the insurer where, as in the present case, neither the driver, nor the owner, of the damaging vehicle can be identified sufficiently to obtain a valid judgment against him.

If this Court were to require the claim against a hit-and-run driver to be liquidated before a suit was brought against the insurance company under the insurance contract, the purpose of both the uninsured motorist clause in the policy and 36 O.S. 1971, § 3636, requiring the uninsured motorist clause would be obviated.

It was the obvious intent of the legislature in enacting the uninsured motorist statute that persons injured by hit-and-run drivers be protected. The insured pays for the coverage, and the insurance company will not be permitted to escape liability by procedural tactics.

Other states which have uninsured motorist statutes similar to Oklahoma's, have allowed the plaintiff to sue the insurance company directly where a hit-and-run vehicle is the tortfeasor. Walsh v. State Farm Mutual Auto Insurance Co., 91 Ill.App.2d 156, 234 N.E.2d 394 (1968); Riemenschneider v. Motor Vehicle Acc. Indem. Corp., 20 N.Y.2d 547, 285 N.Y.S.2d 593, 232 N.E.2d 630 (1967).

The insurance company will be given the chance to defend the question of liability and damages and, depending on the outcome, the plaintiff will be allowed to prove its right to recover under the contract.

Court of Appeals reversed in part, affirmed in part.

Trial Court reversed and remanded with directions to reinstate plaintiff's action for trial.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, HODGES, LAVENDER and BARNES, JJ., concur.