**ASSOCIATED INDEMNITY CORPORATION, Petitioner,**

**v.**

**Joe CANNON, Associate District Judge of the Seventh Judicial District of the State of Oklahoma, Respondent.**

**No. 48215.**

Supreme Court of Oklahoma.

June 10, 1975.

Watts, Looney, Nichols, Johnson & Hayes by G. Kent Fleming, Oklahoma City, for petitioner.

Travis & Durbin by Rex K. Travis and Gerald E. Durbin, II, Oklahoma City, for respondent.

BARNES, Justice:

Here we are concerned with the question: Can an insured sue his insurer directly without first suing the uninsured motorist tort-feasor where the identity of the uninsured motorist is known and he is subject to process?

Title 36 O.S. § 3636 contains the requirement for compulsory uninsured motorist coverage in Oklahoma. The part of that statute pertinent to this case is (B), paragraph two:

"The uninsured motorist coverage shall be upon a form approved by the State Board for Property and Casualty Rates as otherwise provided in the Insurance Code and may provide that the parties to the contract shall, upon demand of either, submit their differences

to arbitration; provided, that if agreement by arbitration is not reached within three (3) months from date of demand, the insured *may* sue the tort-feasor." (Emphasis added.)

We have previously held that an uninsured motorist tort-feasor and plaintiff's insurer cannot be joined in an action for personal injuries. Holt v. Bell, Okl., 392 P.2d 361. We have also held that the plaintiff's insurer can be sued directly where an unidentified hit and run driver is the tort-feasor. High v. Southwestern Insurance Company, Okl., 520 P.2d 662. In High, supra, the Insurance Company urged that the proper manner for the insured to proceed would be under the insurance contract in a direct action against the company. In Boughton v. Farmers Insurance Exchange, Okl., 354 P.2d 1085, 79 ALR2d 1245, 79 ALR2d 1252, ALR2d Supp.Ser. 1762, we held that every stipulation or condition in an insurance contract is void which restricts any party thereto from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals. There, even though the insurance contract contained compulsory arbitration provision and further provided that failure to comply with the terms of the policy voided the coverage, we held that where the insured " . . . institutes an action after notice to the insurer and obtains a judgment against the uninsured motorist; a petition alleging, inter alia, the judgment against the uninsured motorist, states a cause of action against the insurer . . . ." Whether Boughton could have brought a direct action against the Insurance Company and litigated the question of the uninsured motorist's liability and the amount thereof, as the plaintiff is attempting to do in this case, was not decided.

The case nearest in point to this one is Johnson v. United Services Automobile Association, Okl., 462 P.2d 664, where plaintiff sued the uninsured motorist, notified his insurer, the insurer refused to participate, but we held that due to specific contractual language involved that the insured should have sued his insurer direct and could not rely on the judgment against the uninsured motorist. The language in the insurance contract provided:

" * * * the liability of the company shall be determined only in an action against the company and no prior judgment against any person or organization alleged to be legally responsible for such damages shall be conclusive of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company."

In this case there is no such language, but the policy does contain the following restrictions:

" * * * for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the Company or, if they fail to agree, by arbitration."
And

"No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive . . . unless such judgment is entered pursuant to an action prosecuted by the insured with the written *consent* of the *Company*." (Emphasis added.)

Respondent cites the case of Winner v. Ratzlaff, 211 Kan. 59, 505 P.2d 606 (1974), where the Kansas Court recognized the right of the insured to proceed directly against the insurer in an uninsured motorist action. It will be noted that they also permitted joinder of the uninsured tort-feasor and the plaintiff's insurer in one action, which is contrary to the result we reached in Holt v. Bell, supra. However, the reasoning of the Kansas Court with

respect to the insured's right to sue his insurer without first suing the tort-feasor is pertinent to our question. The Kansas Court stated:

"* * * The majority rejects the argument that the claimant must first secure a determination on the issues of fault and damages in suit against the uninsured motorist before bringing an action against the carrier of uninsured motorist coverage.

*     *     *     *     *     *

"* * * The purpose of legislation mandating the offer of uninsured motorist coverage is to fill the gap inherent in motor vehicle financial responsibility and compulsory insurance legislation and this coverage is intended to provide recompense to innocent persons who are damaged through the wrongful conduct of motorists who, because they are uninsured and not financially responsible, cannot be made to respond in damages (Wright v. Casualty Co. and Wright v. Insurance Co., supra). As remedial legislation it should be liberally construed to provide the intended protection.

"40–284 (K.S.A. 1972 Supp.) contains no language stating that suit must first be filed or judgment obtained against the uninsured motorist. In a nutshell, the coverage mandated is that which the beneficiary 'shall be legally entitled to recover as damages' sustained at the hands of an uninsured motorist. We cannot translate this language into the requirement urged by appellees. Knowledge of the context in which this coverage developed forcefully attests to the fact it was in part promulgated to eliminate just such a condition precedent."

In discussing the complaint that it would be prejudicial for the jury to know that insurance coverage was involved in the case and a violation of the rule laid down in Schmidt v. Farmers Elevator Mutual Ins. Co., 208 Kan. 308, 491 P.2d 947, the Kansas Court said:

"The question is not free from difficulty; however, we believe Schmidt is sufficiently distinguishable from the case at bar as not to be controlling. Schmidt was a tort action throughout and no contractual relation existed between the plaintiff and the insurance carrier. Here the situation is significantly different in that we are dealing with a claim against the insurer arising by reason of its contract with appellant. We think appellant, as an aggrieved party, had a right to determine for himself whom he would sue, as is ordinarily the case."

Justice Jackson, in Holt, supra, dissented to the majority decision which held that automobile liability insurer whose policy contained uninsured motorist clause could not be joined as a party defendant in insured's suit against an uninsured motorist, but in his dissent he also discussed the question we are now considering:

"* * * Company's obligation to insured is a direct obligation, as much so as if the policy had related to fire insurance coverage.

*     *     *     *     *     *

"For all practical purposes insured's legal entitlement to recover from an uninsured motorist, and the amount thereof, can be determined as readily and efficiently in a direct action against the insurance company as in an action against the uninsured motorist.

"A requirement that insured must first proceed to judgment against the uninsured motorist will present multiple problems. Where the uninsured motorist was killed in the accident insured will be required to have an administrator appointed to represent the uninsured motorist; if the uninsured motorist is a 'hit and run' driver additional problems will be presented; and if uninsured refuses to let the insurance company defend or participate in the action, questions of due process will arise. Such a procedure will require vexatious and fruitless actions against indigent and bankrupt mo-

923

torists; it will encourage insurance companies and their attorneys to solicit the defense of uninsured motorists; and will put the insured plaintiff to the expense and delay of trying two lawsuits in order to collect one judgment.

"I am of the view that a direct action may be maintained against the insurance company."

We agree that the company's obligation to insured is a direct contractual obligation and we hold that the insured had a right to sue the insurer without first obtaining a judgment against the uninsured motorist tort-feasor. Writ of Prohibition denied.

WILLIAMS, C. J., HODGES, V. C. J., and IRWIN, SIMMS and DOOLIN, JJ., concur.

DAVISON, BERRY and LAVENDER, JJ., concur in result.