2006 OK 77

**STATE OF OKLAHOMA, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Charles Hugh HOLDSTOCK, Respondent.**

**SCBD No. 5225.**

Supreme Court of Oklahoma.

Oct. 9, 2006.

ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 Upon consideration of the Oklahoma Bar Association's application for an order approving the resignation of CHARLES HUGH HOLDSTOCK pending disciplinary proceedings, this Court finds:

1. On September 29, 2006, Holdstock submitted his affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings.

2. Holdstock's affidavit of resignation reflects that: a)it was freely and voluntarily rendered; b)he was not subject to coercion or duress; and c)he was fully aware of the consequences of submitting his resignation.

3. Holdstock states the following in his affidavit of resignation:

"I am aware that the following grievances and/or actions have been lodged with the Office of the General Counsel and that investigations are proceeding with regard to these matters. . . . The grievance alleges that the following criminal charges have been filed against me in the District Court of Oklahoma

County CF–06–5722. Case CF–06–5722 was filed August 31, 2006 and alleges twenty counts including: rape, forcible sodomy, and lewd molestation of a child. I surrendered myself to authorities on September 5, 2006."

4. Holdstock is aware that the allegations set forth, if proven, would constitute violations of the Oklahoma Rules of Professional Conduct, 5 O.S.2001, Ch. 1, App. 3–A and Rule 1.3 Rules Governing Disciplinary Proceedings and his oath as an attorney. He waives all right to contest the allegations.

5. Holdstock's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. ch. 1, app.1–A (2001) and it should be approved.

6. Holdstock acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and that he may make no application for reinstatement prior to the expiration of five years from the effective date of this Order Approving Resignation Pending Disciplinary Proceedings.

7. Holdstock acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former clients. Holdstock agrees that should the Oklahoma Bar Association approve and pay such Client Security Fund claims, he will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

8. The Oklahoma Bar Association has agreed to waive costs in the matter at hand.

9. The official roster address of Holdstock as shown by Bar Association records is: Charles H. Holdstock, OBA # 14746, P.O. Box 61125, Oklahoma City, OK, 73146–1125.

¶ 2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the name of Charles Hugh Holdstock be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Holdstock may not make application for reinstatement prior to the expiration of five years from the effective date of this order. Pursuant to Rule 9.1,

Holdstock shall notify all of his clients having legal business pending with him of his inability to represent them and of the necessity for promptly retaining new counsel. Notification shall be given to these clients within twenty days by certified mail. Repayment to the Client Security Fund for any money expended because of the malfeasance or nonfeasance of the attorney shall be one of the conditions of reinstatement.

¶ 3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 9th day of October, 2006.

/s/ Joseph M. Watt
CHIEF JUSTICE

All Justices concur.