**Royal T. LANGFORD, D.C., Craig A. Day, D.C., and Michael Zugelder, D.C., Appellants,**

v.

**D.C. ANDERSON; Robert Morris; Jim Goodwin; Mrs. Theo Smith; and Max Brissey, Members, Board of Education, Broken Arrow Public Schools; Broken Arrow Public Schools a/k/a Independent School District Number 3; and Employee Benefit Plans, Inc., Appellees.**

**No. 69828.**

Court of Appeals of Oklahoma, Division 3.

July 11, 1989.

Rehearing Denied Aug. 15, 1989.

Richard A. Hoffman, Tulsa, for appellants.

J. Douglas Mann, Tulsa, for appellee School Dist.

Kelley C. Callahan, Oklahoma City, for appellee Employee Benefit Plan.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

Plaintiffs are chiropractic physicians. They brought this action against Defendants Broken Arrow School District and its Board, and Employee Benefit Plans, Inc., the health care plan for Broken Arrow. They sought a declaratory judgment that provisions of the plan that excluded chiropractic care were in restraint of trade and thus void.

Both Defendants responded with motions to dismiss for failure to state a claim under 12 O.S. 1986 Supp. § 2012(B)(6). Plaintiffs did not respond to the motions, but rather filed an application to stay their time to respond in order for them to conduct discovery. Both Defendants objected to Plaintiffs' request. The trial court denied Plaintiffs' request and granted Defendants' motions to dismiss at the same time and in the same order. The trial court further denied Plaintiffs' motion to vacate that judgment.

Plaintiffs now appeal to this Court. In their brief they do not claim error on the part of the trial court in sustaining Defendants' motions to dismiss. They preserve one basic issue for our consideration. Plaintiffs' appeal is based solely upon the failure of the trial court to give them notice of its decision to deny their request for additional time to conduct discovery before it ruled on Defendants' motions to dismiss, thereby foreclosing Plaintiffs at least minimal time in which to respond.

Plaintiffs' somewhat nebulous allegations of error do not ask us to decide whether the petition stated a claim, or whether it could be amended to state a claim, upon which relief could be granted. 12 O.S.1986 Supp. § 2012. Thus we presume the trial court ruled correctly in dismissing the petition on this basis.

12 O.S.1986 Supp. § 2006(B) authorizes a trial court to enlarge the time in which a response must be filed. It gives the trial court discretion to either grant a party's request or refuse it. In this case the trial court used its discretion and denied Plaintiffs' request. There is nothing in our laws that requires a trial court to ameliorate the effect of such a denial. In addition Plaintiffs had no absolute right to complete discovery before the trial court ruled on the motion to dismiss.

To reverse a trial court on the grounds of abuse of discretion, an appellant must show the trial court made a clearly erroneous conclusion and judgment, against reason and evidence. *Abel v. Tisdale*, 619 P.2d 608 (Okla.1980). Plaintiffs did not meet their burden.

The judgment is AFFIRMED pursuant to Rule 1.202(e), Rules of Civil Appellate Procedure, 12 O.S.1981 Ch. 15 App. 2.

BAILEY, C.J., and REYNOLDS, J., concur.