2005 OK CIV APP 39

William K. FELKINS, on behalf of himself and those similarly situated, Plaintiff/Appellant,

v.

OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, and Robert Jones, Executive Director of the Oklahoma Firefighters Pension and Retirement System, in his official and individual capacity, and Tom Smith, Gerald Garrett, Chris Bain, Michael Bates, Anthony Francisco, Doug Jacobson, Jim Long, Steven Lumry, Jim Norton, Harry Rosengrants, Frank Stone, Gerry Stadler, Juan Rodriguez, Trustees for the Oklahoma Firefighters Pension and Retirement System, in their official and individual capacities, Defendants/Appellees.

No. 100,335.

Court of Civil Appeals of Oklahoma, Division No. 3.

May 6, 2005.

Keith A. Ward, Richardson, Stoops, Richardson & Ward, Tulsa, OK, for Appellant.

Wellon B. Poe, Assistant Attorney General, and Marc Edwards, Heather L. Hintz, Phillips, McFall, McCaffrey, McVay, P.C., Oklahoma City, OK, for Appellees.

Opinion by LARRY JOPLIN, Presiding Judge:

¶ 1 Plaintiff/Appellant William K. Felkins (Felkins or Plaintiff) seeks review of the trial court's order dismissing his claims on motions of Defendants Oklahoma Firefighters Pension and Retirement System (OFPRS or the System) and OFPRS Board of Trustee Members (Trustees or collectively Defendants). Felkins asserts the trial court erred in dismissing his suit because Defendants' discriminatory distribution of pension benefits constituted breach of contract, violated the constitution and contravened federal and state statutes. Felkins also claims entitlement to relief under 28 U.S.C. § 1983. Having reviewed the record, we find no error and affirm.

¶ 2 Because evidentiary materials were submitted, we treat the motions to dismiss as motions for summary judgment. 12 O.S. § 2012(B). We view all inferences and conclusions drawn from the evidentiary materials in the light most favorable to Plaintiff. In ruling on motions for summary judgment, factual matters are considered but the ultimate decision involves a purely legal determination that is reviewed *de novo*. *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053.

¶ 3 Felkins served in the United States Army from August 8, 1973 through August 6, 1976. In 1979, he was hired by the Tulsa Fire Department. Title 11 O.S. § 49–138, and formerly 72 O.S. § 67.13a, grant enhanced retirement credits in state retirement systems to veterans whose military service

falls within delineated dates and circumstances. Some of Felkins military service time qualifies for enhanced retirement credits. Felkins argues that all years of military service are eligible for enhanced retirement credits by force of the constitution and state and federal statutes. Defendants contend that the trial court properly dismissed Plaintiff's suit.[1]

¶ 4 When Felkins filed suit, he was vested in a right to receive retirement benefits and was eligible to retire. However, for retirement benefits to become payable to Felkins, he would have to terminate his employment and make written demand for payment. 11 O.S. § 49–106(A). Until he did so, his right to retirement benefits was not absolute. "We hold that under Oklahoma law the right to the retirement pension benefits provided to firefighters ... becomes absolute at the time those benefits become payable to those eligible." *Baker v. Oklahoma Firefighters Pension and Retirement System*, 1986 OK 8, ¶ 10, 718 P.2d 348, 352.

¶ 5 Felkins contends that OFPRS breached contractual duties to enhance his retirement benefits. Statutory rights to retirement benefits do mature into contractual rights, but not until one is eligible to receive payment. *Baker* at ¶ 9, 352. Because Felkins had not yet retired and requested payments from OFPRS, allegations of breach of contract for failure to adequately enhance payable benefits was premature. *Bordwine v. Oklahoma Firefighters Pension and Retirement System*, 2004 OK CIV APP 75, ¶ 6, 99 P.3d 703, 705 (Cert.den., Sept. 13, 2004).

¶ 6 Furthermore, there is no indication in the record that OFPRS has repudiated its obligation to so credit Felkins for his years of qualifying service once he does retire. OFPRS is under a statutory mandate to do so. In addition, the Oklahoma Supreme Court ordered OFPRS to enhance the retirement benefits as mandated by statute. *See Dewey v. Oklahoma Firefighters Pension & Retirement System*, 2001 OK 40, 28 P.3d 539. In light of statutory mandates and court

---

1. Felkins asserts claims on behalf of similarly situated individuals but did not file a request for class certification, nor raise issues pertaining to class certification on appeal and because of our ultimate decision, we do not reach issues pertaining to class certification.

ordered obligations, and the lack of "distinct, unequivocal, and absolute" repudiation of an intent to comply by OFPRS, we discern no facts supporting a claim of anticipatory breach regarding enhancement of Felkins' benefits based upon his qualifying years of military service. *See Bushey v. Dale,* 1937 OK 716, ¶ 8, 75 P.2d 193, 196.

 ¶ 7 As to the dates of service that do not fall within the statutes, Felkins contends those years should also be used to enhance retirement benefits. Because Felkins had not retired, economic relief would be premature so we address the requests for equitable relief of injunction and declaratory judgment. In order to obtain declaratory relief regarding a statute, the complainant must have a legally protectible interest in a controversy that is ripe for judicial determination and "... must be directly affected by the provision attacked." *Chrysler Corp. v. Clark,* 1987 OK 32, ¶ 2, ¶ 15, 737 P.2d 109, 110, 112. Felkins' claim is premature until he begins receiving retirement payments from OFPRS. *Baker* at ¶ 10, 352; *Bordwine* at ¶ 6, 705.

 ¶ 8 Even if Felkins' claim is not premature, an "injunction is used to prevent future misconduct ...," so he must show not only that he has a legally protectible interest but that Defendants' exclusion of such dates for purposes of enhancing his retirement benefits will constitute misconduct. *Chrysler* at ¶ 2, 110; 12 O.S. § 1651; *Oklahoma Public Employees Ass'n v. Oklahoma Dept. of Central Services,* 2002 OK 71, ¶ 20, 55 P.3d 1072, 1081. In this respect, Felkins relies upon the Uniform Services Employment and Reemployment Rights Act (USERRA). Felkins argues that under USERRA, Oklahoma may not draw a distinction among veterans based upon dates and circumstances of service. That would create, contends Felkins, a legally protected interest or property right to enhanced benefits based upon all years of service.

¶ 9 USERRA prohibits pension systems from discriminating against those who serve in the military. 38 U.S.C. § 4318(a)(1)(A). It does not mandate pension systems treat those who served in the military better than those who did not serve. *Fahrenbacher and Sheehan v. Department of the Navy,* 85 M.S.P.R. 500, 510, ¶ 18 (2000). Nor is US-ERRA invoked when a benefit is granted to qualifying veterans but denied to all similarly situated employees. *See Crawford v. Department of Transportation,* 373 F.3d 1155 (Fed.Cir.2004) (denial of benefits to Coast Guard Cadets upheld).

¶ 10 Under USERRA, pension systems must treat employees who take a break from employment to serve in the military the same as employees who did not interrupt their employment to serve. 38 U.S.C. § 4318(2)(A). USERRA thereby ensures employees with *interim* military service did not lose otherwise accrued retirement benefits. 38 U.S.C. § 4318(2)(B). USERRA does not mandate pension systems credit *preemployment* military service towards retirement benefits. *Bordwine* at ¶ 12, 707.

¶ 11 USERRA prohibits *employers* from engaging in general discriminatory practices substantially motivated by military service. 38 U.S.C. § 4311(a). Included within the definition of employer are entities to whom "the employer has delegated the performance of employment-related responsibilities." 38 U.S.C. § 4303(4)(A). Felkins does not contend that Defendants are subject to § 4311 because they pay him wages or are his *de facto* employers. Rather, he contends OFPRS functions as his employer because it has been delegated the task of administering the fire department's pension fund. Section 4303(4)(C), however, specifically *excludes* pension systems from the definition of an employer. In *Bordwine,* we held: "OFPRS is not an employer subject to § 4311 ..." We adhere to that holding. *Bordwine* at ¶ 8, 706.

¶ 12 In short, Oklahoma statutes grant enhanced retirement credits based upon preemployment military service occurring during certain dates. Felkins had not retired when he filed suit, so OFPRS did not yet breach an obligation to pay Felkins based upon his qualifying years of service. Furthermore, we find no provision in USERRA mandating Oklahoma extend enhanced retirement benefits to include all years of preemployment military service. As such, Felkins failed to establish a property right to receive enhanced retirement credits for those years of military service that fall outside the scope of the state statutes. Without a constitutional or statutory violation, there is no basis for

invoking equitable relief or relief under § 1983. *See Nelson v. Geringer*, 295 F.3d 1082, 1097 (10th Cir.2002).

¶ 13 We further note that Trustees are immune from liability under § 1983. *McFall v. Bednar*, 407 F.3d 1081, C.A.10 (Okla.) 2005: "The doctrine of qualified immunity, therefore, shields government officials performing discretionary functions from liability for civil damages arising from 42 U.S.C. § 1983 claims brought against them in their individual capacities." Likewise, Trustees are, as is OFPRS, entitled to immunity under the Government Tort Claims Act. *Bordwine* ¶ 11, 707. Generally, those who act on behalf of the State and its instrumentalities are immune from liability for such acts, even when suit is based upon the failure to adopt or enforce a law. 51 O.S. § 152(9), § 152.1(A), § 155(4). The record is bare regarding individual acts of the Trustees that could be considered willful, wanton or in bad faith that could result in a loss of such immunity.

¶ 14 Because the trial court's order dismissing Felkins' suit in accord with governing law, we find that it should be, and is hereby, AFFIRMED.

HANSEN, J., and BUETTNER, C.J., concur.