2014 OK CIV APP 61

**Lynda JACKSON and Aaron Williams, Individually and as parents and next friends of Hakeem Williams, a minor, Plaintiffs/Appellants,**

v.

**OKLAHOMA CITY PUBLIC SCHOOLS (Independent School District No. 89), Defendant/Appellee.**

**No. 112191.**

Court of Civil Appeals of Oklahoma, Division No. 1.

May 9, 2014.

---

Tom M. Cummings, Oklahoma City, Oklahoma, for Plaintiffs/Appellants.

F. Andrew Fugitt, Anthony Childers, The Center for Education Law, Inc., Oklahoma City, Oklahoma, for Defendant/Appellee.

KENNETH L. BUETTNER, Judge.

¶1 Plaintiffs/Appellants Lynda Jackson and Aaron Williams (Parents), individually and as parents and next friends of Hakeem Williams (Student), appeal from summary judgment entered in favor of Defendant/Appellee Independent School District No. 89, Oklahoma City Public Schools (District). Parents alleged a teacher assaulted Student and made claims for respondeat superior liability as well as negligent hiring, training, and supervising. The record shows no dispute of material fact. District is exempt from liability for discretionary acts such as hiring, training and supervising. District is immune from liability for intentional torts of its employees because those acts are necessarily outside the scope of employment. Accordingly, District was entitled to judgment as a matter of law and we affirm.

¶2 In their Petition, Parents alleged a teacher physically assaulted Student at school. They asserted the teacher was acting in the course and scope of employment and therefore District was liable under respondeat superior. Parents asserted claims for negligent hiring, training, and supervision, and contended District's negligence caused physical injuries and emotional distress. They asserted they had given notice of their claim as required by Oklahoma's Governmental Tort Claims Act but that District had failed to approve the claim within the statutory period.

¶3 District answered and acknowledged the teacher was its employee and Parents had complied with the GTCA. District denied Parents' remaining claims and asserted numerous affirmative defenses, including that it was exempt from liability under the GTCA.

¶4 In its Motion for Summary Judgment, District included 21 statements of undisputed facts which it argued showed it was entitled to judgment as a matter of law.[1] District noted the GTCA waived immunity only for torts committed in the course and scope of employment. District noted that Parents asserted Hollmon assaulted and battered Student, which necessarily was an intentional act and which therefore could not be an act within the scope of employment, so that District was immune from liability for the al-

1. District alleged there was no dispute that: 1) Student attended Jackson Middle School on May 4, 2011; 2) Hollmon had been a District employee for 15 years on May 4, 2011; 3) Hollmon was the instructor of an alternative class intended for students who were extremely disruptive in the classroom; 4) District provides training for alternative education teachers; 5) Student began attending Hollmon's alternative class in the spring 2011 semester; 6) Student was in the alternative class because of disruptive behavior in other classes and Hollmon had seen Student hit classmates; 7) Hollmon would discipline Student by calling him up to his desk to talk with him or by giving him extra assignments; 8) Parents alleged that about a month after the semester began, Hollmon called Student names, such as that he was fat, a few times a day but Student did not report this to the school and told only his mother about the name calling; 9) Student's mother and sister met with the principal to discuss the name calling and believed the name calling ended after the meeting; 10) Parents asserted that before May 4, 2011, Hollmon would hit Student in a playful manner and Student reported these "playful hitting episodes" to his mother and not to the school, and Hollmon did not hit any other student; 11) Student had been disciplined at school for talking and disrupting class; 12) Parents contended that on May 4, 2011, Student left his desk and walked to Hollmon's desk to ask for a piece of paper, and in response, Hollmon hit Student with an extension cord; 13) Student testified he then grabbed a portable metal detector from Hollmon's desk and began running around the room, and Hollmon chased him, caught him, and struck Student's hand with the metal detector; 14) Student then went to the principal's office to report what Hollmon did; 15) the principal called Student's mother to tell her about the incident and asked her to come to the school; 16) Student did not require any medical treatment and had no injuries; 17) Hollmon was suspended for ten days pending District's investigation, after which Hollmon returned to full duty; 18) Student's mother was not aware of any act by Hollmon before this incident that injured any student; 19) Student's mother is only seeking discipline against Hollmon from this suit; 20) District's policy on student discipline delegates responsibility for maintaining discipline in the classroom to the teacher, minor infractions can be handled by the teacher or principal, discipline should be consistent with the Student Code of Conduct, and corporal punishment is not allowed in the District; and 21) Parents were not aware of any facts tending to show District was negligent in hiring, training, and supervising Hollmon. (District's final statement of fact was misnumbered as 22).

leged assault and battery. District next argued that Parents could not show District was negligent in hiring, training, and supervising Hollmon and that under the GTCA, District is exempt from liability for negligent hiring and training and failure to supervise, citing 51 O.S.2011 § 155(5).

¶ 5 In opposing summary judgment, Parents first provided a "general outline" of their arguments, which were that there is a private cause of action for excessive force, citing *Bosh v. Cherokee County Building Authority*, 2013 OK 9, 305 P.3d 994; that an employer is liable for the acts of its agent when those acts are in furtherance of the business of the master, even if wilful, citing *Ada–Konawa Bridge Co. v. Cargo*, 1932 OK 790, 163 Okla. 122, 21 P.2d 1;[2] and that there was additional evidence of Hollmon's improper or incompetent behavior towards students, "as the students themselves will attest to."[3]

¶ 6 Parents admitted all but four of District's statements of undisputed fact. In their response to District's statement of undisputed facts, Parents disputed District's statement of fact 10, by asserting that Student's mother testified she did not see Hollmon hit other students, but that there was no testimony that Hollmon did not hit any other student. As to fact 16, Parents admitted Student did not require medical treatment, but they disputed the claim that Student had no injuries caused by Hollmon.[4] Parents denied fact 19, as well, claiming that their Petition showed they sought more than discipline for Hollmon. Finally, Parents denied fact 21 by asserting that Student's deposition testimony showed that Hollmon called stu-

dents names which proved Hollmon was not properly trained or supervised.

¶ 7 Parents argued District was liable under the Oklahoma Supreme Court's recent decision in *Bosh, supra*. Parents next asserted attendance at school is involuntary and analogized students in school to inmates in custody and argued therefore District has a special duty of care towards students.

¶ 8 The trial court entered summary judgment in favor of District September 5, 2013. The trial court expressly found that *Bosh* does not apply to the facts of this case. Parents appeal. Summary judgment proceedings are governed by Rule 13, Rules for District Courts, 12 O.S.2011, Ch. 2, App.1. Summary judgment is appropriate where the record establishes no substantial controversy of material fact and the prevailing party is entitled to judgment as a matter of law. *Brown v. Alliance Real Estate Group*, 1999 OK 7, 976 P.2d 1043, 1045. Summary judgment is not proper where reasonable minds could draw different inferences or conclusions from the undisputed facts. *Id.* We review the evidence *de novo*, in the light most favorable to the party opposing summary judgment. *Vance v. Fed. Natl. Mortg. Assn.*, 1999 OK 73, 988 P.2d 1275.

¶ 9 In the GTCA, the state asserted its sovereign immunity from liability for torts, but waived its immunity "only to the extent and in the manner provided in this act." 51 O.S.2011 § 152.1. The state's liability is limited to loss resulting from the torts of the state or its employees acting in the scope of their employment. 51 O.S.2011 § 153.[5] It is settled that intentional torts

---

2. *Ada–Konawa Bridge* was among the cases distinguished in *Bosh* as not involving a governmental entity.

3. Parents failed to attach any evidentiary materials other than Student's deposition and therefore they have not provided any evidence to create a dispute of fact on an alleged pattern of improper behavior by Hollmon.

4. Student testified Hollmon hit him on the buttocks with the extension cord and then across the palm of his hand with the metal detecting wand. When asked if he had any injuries he answered "No, my hand was kind of swollen, that was it." Student also said he had a mark on his bottom for about a week after the incident.

5. The definitions section of the GTCA also shows that tort liability is limited to acts in the scope of employment. 51 O.S.2011 § 152 provides, in pertinent part:

12. "Scope of employment" means performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority including the operation or use of an agency vehicle or equipment with actual or implied consent of the supervisor of the employee, but shall not include corruption or fraud;

\* \* \*

14. "Tort" means a legal wrong, independent of contract, involving violation of a duty imposed by

are outside the scope of employment and therefore District may not be liable for a teacher's assault and battery. It is also settled that a school's hiring, training, and supervising decisions are discretionary and therefore a school may not be liable for damages resulting from those decisions. *Houston v. Independent School Dist. No. 89 of Oklahoma County,* 949 F.Supp.2d 1104, 1109 (W.D.Okla.2013); 51 O.S.2011 § 155(5). The GTCA also extends immunity for "(t)he use of necessary and reasonable force by a school district employee to control and discipline a student during the time the student is in attendance...." 51 O.S.2011 § 155(35).

¶ 10 Parents here appear to concede that District is immune for discretionary functions and that Hollmon's alleged conduct was outside the scope of employment. Nevertheless, they argue District is liable outside the GTCA for a teacher's excessive force and pursuant to an alleged special duty owed to Student. Parents' reliance on *Bosh* is misplaced. In *Bosh,* the Oklahoma Supreme Court extended its earlier holding, that incarcerated persons may have a private cause of action for excessive force against offending officials, to those who have been arrested or seized but not yet incarcerated. The court found that in such cases excessive force may violate the constitutional protection against unwarranted seizure established in Okla. Const. art. 2, § 30. In this case, Parents did not assert a constitutional claim in the Petition and Student was not arrested or seized. "The Okla. Const. art. 2, § 30 applies to citizens who are seized—arrestees and pre-incarcerated detainees.... [We] hold that the Okla. Const. art. 2, § 30 provides a private cause of action for excessive force, notwithstanding the requirements and limitations of the OGTCA." *Id.* at ¶ 22–23.

¶ 11 Parents' final argument is that District and Student had a "special relationship" and that based on compulsory attendance, Student was effectively in District's custody. Parents appear to argue here for a heightened duty of care in terms of negligence. Parents cite *Davis v. Monroe County*

*Bd. Of Educ.,* 526 U.S. 629, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999), which recognized that parents could make a claim for Title IX civil rights violations where a school allowed harassment of one student by another. But as noted above, Parents have not asserted a constitutional or civil rights claim against District. Parents have failed to provide authority that District is subject to tort liability for the intentional tort alleged here.

¶ 12 The summary judgment record shows District was entitled to judgment as a matter of law and we AFFIRM.

JOPLIN, P.J., and HETHERINGTON, V.C.J., concur.

---

general law or otherwise, resulting in a loss to any person, association or corporation as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment.