OSCN Found Document:GJA v. OKLAHOMA DEPT. OF HUMAN SERVICES

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 GJA v. OKLAHOMA DEPT. OF HUMAN SERVICES
2015 OK CIV APP 32
347 P.3d 310
Case Number: 112885
Decided: 03/03/2015
Mandate Issued: 03/31/2015
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2015 OK CIV APP 32, 347 P.3d 310

 

GJA, individually, and as Parent and Next Friend of JOHN DOE and 
JANE DOE, minor children, and KA, an Individual, 
Plaintiffs/Appellants,
v.
OKLAHOMA DEPARTMENT OF HUMAN SERVICES; JOHN DOES 
1-30, unknown individuals employed by OKLAHOMA DEPARTMENT OF HUMAN SERVICES, 
Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF
DELAWARE COUNTY, 
OKLAHOMA
HONORABLE ROBERT G. HANEY, TRIAL JUDGE

AFFIRMED

J. Christopher Davis, Jon D. Cartledge, JOHNSON & JONES, P.C., Tulsa, 
Oklahoma, and E. Anthony Mareshie, E. ANTHONY MARESHIE, PLLC, Tulsa, Oklahoma, 
for Plaintiffs/Appellants
Richard W. Freeman, Jr., Joseph W. Strealy, 
ASSISTANT GENERAL COUNSEL, DEPARTMENT OF HUMAN SERVICES, Oklahoma City, 
Oklahoma, for Defendant/Appellee Oklahoma Department of Human Services


KEITH RAPP, PRESIDING JUDGE:
¶1 Plaintiffs, GJA (Father), individually, and as parent and next friend of 
John Doe (Son) and Jane Doe (Daughter), minor children and KA (Step Mother), 
individually, appeal an Order sustaining the motion to dismiss filed by 
Defendant, Oklahoma Department of Human Services (DHS).[1] This appeal proceeds under the 
accelerated appeal procedures of Okla. Sup. Ct. Rule 1.36, 12 O.S.2011, Ch. 15, 
app. 2.
BACKGROUND
¶2 Plaintiffs alleged that Daughter and Son were abused while in their 
mother's (Father's former spouse) custody. The allegations are that Daughter was 
sexually abused and Son was abused by withholding needed medical treatment. 
According to the petition, DHS was informed about the abuse of both children and 
the agency and its employees did nothing. Moreover, Plaintiffs alleged that DHS 
and its employees did not report the sexual abuse as required by law.
¶3 After complying with the preliminary claim and notice provisions of the 
Governmental Tort Claims Act (GTCA), Plaintiffs sued. Plaintiffs asserted a 
claim for damages based upon tort claims of negligence, negligence per se 
and intentional infliction of emotional distress. They alleged a violation of 
their constitutional rights. Plaintiffs also alleged a civil conspiracy.
¶4 DHS moved to dismiss for failure to state a claim. 12 O.S.2011, § 2012(B)(6). DHS 
argued that it was immune from tort claims and that Bosh v. Cherokee County 
Governmental Bldg. Auth., 2013 
OK 9, 305 P.3d 994, did not 
create an actionable claim under the facts of this case. DHS also argued that 
the petition did not state a claim for civil conspiracy.[2]
¶5 The trial court sustained the motion to dismiss. The trial court ruled 
that DHS was immune under the GTCA from tort liability. Next, the trial court 
ruled that the alleged violations of constitutional rights were not actionable 
under Bosh. Last, the trial court ruled that the petition did not state a 
claim for civil conspiracy.
 
¶6 Plaintiffs' response to the motion to dismiss included a request to stay 
the proceedings to allow discovery and pertinent amendments to the petition. The 
journal entry does not directly rule on this request, but necessarily denied it. 
Plaintiffs add, as trial court error, a failure to allow discovery before ruling 
on the motion.
¶7 Plaintiffs appeal.
STANDARD OF REVIEW
¶8 A trial court's dismissal for failure to state a claim upon which relief 
can be granted involves a de novo review to ascertain whether the 
petition, including its exhibits, is legally sufficient. Darrow v. Integris 
Health, Inc., 2008 OK 1, ¶ 
7, 176 P.3d 1204, Indiana 
Nat'l Bank v. State Dep't of Human Services, 1994 OK 98, ¶ 2, 880 P.2d 371, 375.
¶9 A pleading must not be dismissed for failure to state a claim unless the 
allegations show beyond any doubt that the litigant can prove no set of facts 
which would entitle him to relief. Indiana Nat'l Bank, 1994 OK 98 at ¶ 3, 880 P.2d at 375. 
The trial court's task is to inquire whether relief is possible under any set of 
facts that could be established consistent with the allegations. Generally, a 
motion to dismiss may be sustained for two reasons: (1) lack of any cognizable 
legal theory, or, (2) insufficient facts under a cognizable legal theory. 
Indiana Nat'l Bank, 1994 OK 98 at ¶ 4, 880 P.2d at 
375-76.
¶10 The appellate court will exercise its "plenary, independent, and 
non-deferential authority [when] reexamin[ing] a trial court's legal rulings." 
Neil Acquisition, L.L.C. v. Wingrod Inv. Corp., 1996 OK 125, ¶ 4, 932 P.2d 1100, 1103 n.1; Spielmann 
v. Hayes, 2000 OK CIV APP 44, 
¶ 8, 3 P.3d 711, 713. This 
Court's standard of review is de novo and gives no deference to the legal 
rulings of the trial court. State ex rel. Dep't of Human Services ex rel. 
Jones v. Baggett, 1999 OK 68, 
990 P.2d 235.
ANALYSIS AND REVIEW
A. Sovereign Immunity
¶11 DHS asserted sovereign immunity for all tort claims alleged by 
Plaintiffs.[3] 
The GTCA specifies the extent to which sovereign immunity has been waived. 51 O.S.2011, § 153(A) and (B).[4] In Smith v. 
City of Stillwater, 2014 OK 
42, ¶ 14, 328 P.3d 1192, 
1198, the Court held:

 
 The GTCA is the exclusive remedy by which an injured plaintiff may 
 recover against a governmental entity for its negligence. The GTCA adopts 
 the doctrine of sovereign immunity and provides that the State, its 
 political subdivisions, and all of their employees acting within the scope 
 of their employment, whether performing governmental or proprietary 
 functions, shall be immune from liability for torts. The GTCA waives the 
 immunity of the State and its political subdivisions, but only to the extent 
 and in the manner provided in the act. Title 51 O.S. §153 extends 
 governmental accountability to all torts for which a private person or 
 entity would be liable, subject only to the act's specific limitations and 
 exceptions. (Citations omitted.)
¶12 DHS relies upon two of the statute's exceptions: 51 O.S.2011, § 155(4) and (29).[5]
1.Section 155(4)
¶13 DHS condensed and summarized Plaintiffs' allegations. DHS described the 
petition as charging that DHS was guilty of negligence and negligence per 
se "in breaching its common law and statutory duties to protect (Child 
Plaintiffs) from sexual assault or abuse, physical abuse, emotional abuse and 
other abuses."
¶14 Plaintiffs alleged that DHS, by its employees, knew or should have known 
of the abuse of both children occurring or beginning in March and July of 2011. 
Plaintiffs claimed that DHS was informed about the abuse of Son and took no 
action. Plaintiffs further alleged that DHS was informed of the sexual abuse of 
Daughter, stopped its investigation, and took no action, including not reporting 
the sexual abuse claim to the police.[6]
¶15 By statute, DHS is directed to respond to reports of child abuse and 
conduct an investigation. 10A O.S.2011, § 1-2-105 (amended effective November 1, 
2014). This statute describes the duties and authority of DHS in conducting its 
investigation and requires a written report to the District Attorney.
¶16 DHS cited Skurnack v. State ex rel. Dep't of Human Services, 2002 OK CIV APP 37, 46 P.3d 198. In Skurnack, 
the Court held that DHS was immune under the previously numbered child abuse 
investigation statute. The facts of that case are that DHS tried to investigate, 
but the investigation was thwarted by the parents. DHS had to resort to 
intervention in court by the District Attorney. Thus, the Court observed that 
the record was clear that DHS was "attempting to enforce" the statute requiring 
it to investigate or assess the referral of neglect. Consequently, the immunity 
based upon "enforcement" of law shielded DHS from the liability claimed by 
Skurnack.
¶17 Here, the allegations are different than the facts in Skurnack, 
where the "enforcement" exemption for immunity applied. The Plaintiffs 
alleged that DHS did nothing regarding the abuse report involving Son and 
virtually did nothing regarding the abuse report involving Daughter.[7] In other words, 
Plaintiffs alleged that DHS failed to enforce the law.
¶18 Section 155(4) provides for immunity for "[a]doption or enforcement of 
or failure to adopt or enforce a law, whether valid or invalid, 
including, but not limited to, any statute, charter provision, ordinance, 
resolution, rule, regulation or written policy." (Emphasis added.) Viewed in the 
best light possible, Plaintiffs alleged that DHS failed to enforce the law. DHS 
is thus immune from liability. See, Felkins v. Oklahoma Firefighters 
Pension and Ret. Sys., 2005 OK 
CIV APP 39, ¶ 13, 116 P.3d 
195, 198 (retirement system trustees immune based on alleged failure to 
enforce law); and, Bordwine v. Oklahoma Firefighters Pension and Ret. 
Sys., 2004 OK CIV APP 75, ¶ 
11, 99 P.3d 703, 706-07 (failure 
to credit military service as required by law).
¶19 Therefore, the trial court correctly ruled that the tort claims of 
negligence, negligence per se and intentional infliction of emotional 
distress must be dismissed because DHS has immunity under Section 155(4). The 
damage claim for loss of consortium was also correctly dismissed, because it is 
an item of damages for the dismissed torts
2.Section 155(29)
¶20 DHS merely stated that Section 155(29) affords immunity. Section 
155(29) pertains to acts or omissions of an employee in the placement of 
children. Here, according to the allegations, both children were living with 
their mother at the time and in accordance with the Decree of Divorce. Thus, the 
children were not "placed" by DHS employees. The Legislature could have, but did 
not, include "removal of children" in this subdivision of the statute.
¶21 Moreover, a reasonable reading of the petition does not disclose any 
claim based upon an act or omission in the placement of the children. Section 
155(29) does not apply.
B. Constitutional Claim
¶22 Plaintiffs alleged that the actions and inactions of DHS employees, with 
respect to the abuse claims, violated their constitutional rights to Due Process 
of Law as guaranteed by the Oklahoma Constitution. Plaintiffs further alleged 
that discovery might reveal additional violations of constitutional rights, but 
none were specifically identified. Plaintiffs asserted that they have a cause of 
action under the holding of Bosh v. Cherokee County Governmental Bldg. 
Auth., 2013 OK 9, 305 P.3d 994.
¶23 The Bosh Court held: (1) that section 30, article 2 of the 
Oklahoma Constitution provides a private cause of action for excessive force 
against an arrested and detained person, notwithstanding the immunities under 
the GTCA; (2) respondeat superior applied; and (3) the action is 
recognized retrospectively. [8] The facts were that Bosh was in custody and while 
being booked, the jailers severely beat and injured him and denied him medical 
attention for two days. His injures were severe and required surgery.
¶24 The Bosh Court reasoned:

 
 The OGTCA cannot be construed as immunizing the state completely from all 
 liability for violations of the constitutional rights of its citizens. To do 
 so would not only fail to conform to established precedent which refused to 
 construe the OGTCA as providing blanket immunity, but would also render the 
 Constitutional protections afforded the citizens of this State as 
 ineffective, and a nullity. Therefore we answer the reformulated question 
 and hold that the Okla. Const. art 2, § 30 provides a private cause of 
 action for excessive force, notwithstanding the requirements and limitations 
 of the OGTCA.
Bosh, 2013 OK 9 at ¶ 
23, 305 P.3d at 1001.
¶25 The case before this Court now presents two lines of inquiry.
¶26 First: Should the Bosh case be limited to its facts and specific 
holdings or does the decision stand for the proposition that the Supreme Court 
recognizes a broader scope of actionable claims based upon violations of 
constitutional rights? Second: If the latter interpretation be followed, does 
that mean that Plaintiffs here have stated a claim?[9]
¶27 The concept of precedent at least stands for the proposition that under 
certain facts, a particular party should prevail on the relevant source of law. 
Thus, the facts in Bosh involve an arrested person who is detained in 
jail and subjected to excessive force and inhumane conditions of confinement, 
all of which invoke Article 2, section 30 of the Oklahoma Constitution. Another 
person, similarly treated, can invoke Bosh as authority for that person's 
lawsuit. [10]
¶28 Clearly, Plaintiffs' allegations do not involve the same or similar 
circumstances. In a strict sense, the Bosh precedent, when thusly 
limited, does not provide authority for Plaintiffs to state a claim.[11]
 
¶29 However, such limitation fails to account for the Court's reasoning. Of 
course, the Supreme Court has had the occasion to deem its prior statements as 
"broader than the facts warrant." Stone v. Bonaparte, 1930 OK 563, ¶ 22, 297 P. 228, 232. On the other hand, 
the Court has recognized that "precedents must often yield to the force of 
reason and to paramount demands of justice as well as the decencies of civilized 
society, and the law ought to speak with a voice responsive to these demands." 
Oklahoma County v. Queen City Lodge No. 197, I.O.O.F., 1945 OK 55, ¶ 20, 156 P.2d 340, 344-45.
¶30 A more in depth examination of Bosh is warranted in order to 
ascertain what rule, standard, or principle the case was meant to stand for. In 
that regard, the Supreme Court expressed its reasoning as set out above. In 
addition, the Supreme Court reviewed authorities leading up to its decision and 
placed its decision in historical perspective. Thus, the Opinion provides the 
textual material that enables the reader of that Opinion to understand the 
Court's intent. The result of such an examination discloses that the Court has 
not only adjudicated a specific claim based upon a set of facts, but also the 
Court made a statement of policy (upholding constitutional guarantees and 
protections) as its broader holding. The Court then specifically applied that 
broader policy statement holding to the facts of the case.
¶31 Therefore, in this Court's opinion, Bosh stands for the 
proposition that the protections and guarantees afforded the citizens by the 
Constitutions of the State of Oklahoma and of the United States represent the 
highest values of the people. Violations of these rights and guarantees cannot 
be shielded under the guise or cloak of immunity.
¶32 The first inquiry is answered. The Bosh case is not limited to its 
facts and specific holding. It does stand for the proposition that the Supreme 
Court recognizes a broader scope of actionable claims based upon violations of 
constitutional rights.
¶33 The question remains, however, of whether Plaintiffs have stated such a 
claim. Plaintiffs allege that the children's rights to Due Process of Law were 
violated. Not every malfeasance, misfeasance, or nonfeasance rises to the level 
of a violation of constitutional rights.[12] This Court observes that, in cases 
like Bosh and cases involving convicted, incarcerated inmates, where a 
claim has been found, the facts reveal an egregious and extreme set of 
circumstances showing that the individual defendant(s) intentionally inflicted 
physical harm on the plaintiff.[13]
¶34 In cases such as here under review, the trial court has a role as 
gatekeeper to determine whether a petitioner made a claim as a matter of law. In 
Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372-73 (1994), the 
Court explained that the district court must make certain preliminary 
determinations before a claim for damages for a constitutional violation could 
proceed. Additional examples of a trial court's gatekeeper role include: 
Courtney v. State, 2013 OK 
64, ¶ 8, 307 P.3d 337, 341 
(petition to determine innocence); Worsham v. Nix, 2006 OK 77, 145 P.3d 1055 (gatekeeper of the 
evidentiary process); Miller v. Miller, 1998 OK 24, ¶ 34, 956 P.2d 887, 901 (determination 
whether conduct may reasonably be regarded as sufficiently extreme and 
outrageous).
¶35 Application of a court's gatekeeper role further serves to focus the 
Bosh claims upon those acts or inactions which rise to the level of a 
constitutional claim. This means that Bosh does not create a wide-ranging 
tort claim. Moreover, the gatekeeper role will resolve cases such as Jackson 
v. Oklahoma City Pub. Sch. without having to limit the interpretation of 
Bosh.[14] Thus, the facts as recited in Jackson may 
easily be judged as facts that do not give rise to a constitutional claim.
¶36 Here, this Court must consider whether the allegations sufficiently state 
a claim of violation of constitutional rights. It does not appear that the trial 
court did so opting instead to limit Bosh to its facts. Nevertheless, if 
the trial court reached the correct judgment, although for incorrect reasons, 
the judgment will not be reversed. Thompson v. Inman, 1971 OK 32, ¶ 30, 482 P.2d 927, 937.
¶37 According to the petition, the children were not in the custody of DHS so 
as to implicate their clearly established constitutional right to be reasonably 
safe from harm when placed in the state's custody.[15] The employees of DHS were not the 
persons inflicting the alleged physical and emotional harm on the children. The 
substance of the petition is that: (1) DHS and its employees had a duty imposed 
by law to investigate child abuse reports; (2) DHS and its employees breached 
that duty by either failing to investigate or negligently investigating the 
child abuse reports; and, (3) as a direct result of the breaches of duty the 
children sustained injury for which they are entitled to damages.
¶38 After examination using the "gate keeper" role, this Court concludes that 
Plaintiffs' petition does not contain allegations of facts giving rise to 
violations of constitutional rights to Due Process of Law. At most, the 
allegations are claims of gross negligence in carrying out the investigations; 
so Plaintiffs have not brought their claims into the Bosh cause of action 
for violation of constitutional rights. Therefore, the trial court did not err 
in dismissing the petition.
C. Additional Discovery
¶39 In their response to the motion to dismiss, Plaintiffs requested that the 
ruling be stayed for additional discovery and corresponding amendment to the 
petition. This is the equivalent of a request for additional time to respond. 
Plaintiffs' request did not identify any areas for discovery or provide 
authority for the request. The Record shows that neither party had initiated any 
discovery.[16]
¶40 The Oklahoma Pleading Code gives the court discretion to permit 
enlargement of time to respond for good cause. 12 O.S.2011, § 2006; Davis v. 
Martin Marietta Materials, Inc., 2010 OK 78, ¶ 1(3), 246 P.3d 454, 455. However, the 
statute directs that the motion for extension of time be filed before the 
expiration of the original deadline. 12 O.S.2011, § 2006(B)(1)[17]; Powers 
v. District Court of Tulsa County, 2009 OK 91, ¶ 4, 227 P.3d 1060, 1066; Humphries 
v. Lewis, 2003 OK 12, ¶ 6, 
67 P.3d 333, 335 (emphasizing 
"before"); see Langford v. Anderson, 1989 OK CIV APP 47, ¶ 5, 778 P.2d 937, 938 (noting that a 
party did not have an absolute right to discovery before a ruling on a motion to 
dismiss).
¶41 Here, Plaintiffs did not file prior to the deadline or offer a good cause 
basis to grant an extension of time. Hence, the Record does not reveal any basis 
to find that the trial court abused its discretion.
¶42 The petition-in-error states only that the trial court committed error as 
a matter of law without permitting discovery. As shown here, there is no 
absolute right to an extension of time. Therefore, in addition, the 
petition-in-error does not set out a ground for reversal.
¶43 The trial court did not err by ruling on the motion to dismiss without 
granting additional time to Plaintiffs for discovery.
CONCLUSION
¶44 Section 155(4) of the GTCA provides for immunity for "[A]doption or 
enforcement of or failure to adopt or enforce a law, whether valid or 
invalid, including, but not limited to, any statute, charter provision, 
ordinance, resolution, rule, regulation or written policy." Viewed in the best 
light possible, Plaintiffs alleged that DHS failed to enforce the law. DHS is 
thus immune from liability. The trial court correctly ruled that the tort claims 
of negligence, negligence per se, and intentional infliction of emotional 
distress must be dismissed because DHS has immunity under Section 155(4). The 
damage claim for loss of consortium was also correctly dismissed because it is 
an item of damages for the torts. Section 155(29) of the GTCA does not apply to 
this case.
¶45 Plaintiffs' claim that they have a cause of action under the holding of 
Bosh v. Cherokee County Governmental Bldg. Auth., 2013 OK 9, 305 P.3d 994, is denied. This Court 
interprets Bosh as providing a cause of action in order to protect 
against violations of constitutional rights and guarantees in general rather 
than being limited to the specific constitutional right involved in the case. 
Nevertheless, not every misfeasance, malfeasance and nonfeasance amounts to a 
violation of constitutional rights. In its role as gatekeeper, the trial court 
determines whether the alleged conduct might reasonably be determined to be of 
the character of a violation of constitutional rights. Here, the alleged action 
and inaction on the part of DHS might constitute gross negligence, but they do 
not rise to the level of a violation of constitutional rights. Therefore, the 
trial court reached the correct result by dismissing the Bosh claim.
¶46 The trial court did not err by ruling on the motion to dismiss without 
granting additional time for discovery.
¶47 The judgment of the trial court dismissing the Plaintiffs' petition is 
affirmed.

¶48 AFFIRMED.

BARNES, J., and THORNBRUGH, J., concur.

FOOTNOTES

[1] The 
caption of the petition in the trial court lists "John Does 1-30, unknown 
individuals employed by Oklahoma Department of Human Services." The appealed 
Order does not dispose of any claim against the John Doe Defendants, or any 
persons actually named as employees in the petition. However, the District Court 
docket sheet in the Appellate Record does not reflect that summons was issued 
and served as to any Defendant other than DHS. Only the liability of the State 
is at issue on appeal because Plaintiffs did not name or serve any individuals 
prior to the dismissal Order. Tanique, Inc. v. State ex rel. Oklahoma Bureau of 
Narcotics and Dangerous Drugs, 2004 
OK CIV APP 73, ¶ 10, 99 P.3d 
1209, 1213; see High v. Southwestern Insurance Company, 1974 OK 35, 520 P.2d 662 (construing now 
repealed 12 O.S.1971, § 320 to 
require service of summons). Therefore, this Court finds that the Order of 
dismissal is a final, appealable order.

[2] The 
list of Issues Presented attached as Exhibit "C" to the petition-in-error does 
not list error by a dismissal of the civil conspiracy claim. Therefore, the 
ruling as to the civil conspiracy claim is not before this Court.

[3] These 
are Plaintiffs' Causes of Action: (1) First and Third, negligence and negligence 
per se; (2) Fourth, intentional infliction of emotional distress; and, (3) 
Sixth, loss of consortium. There is no serious dispute about the fact that the 
Sixth cause of action is actually an item of damages and not a separate cause of 
action.
Plaintiffs listed six "causes of action" with the charging facts the same. 
Plaintiffs have one cause of action with five theories of recovery and one 
request for an item of damages. Bryson v. Oklahoma County, 2013 OK CIV 
APP 98, 261 P.3d 627, n.1 
(citing Resolution Trust Corp. v. Greer, 1995 OK 126, 911 P.2d 257).

[4] Section 
153(A) and (B) provide:
A. The state or a political subdivision shall be liable for loss resulting 
from its torts or the torts of its employees acting within the scope of their 
employment subject to the limitations and exceptions specified in The 
Governmental Tort Claims Act and only where the state or political subdivision, 
if a private person or entity, would be liable for money damages under the laws 
of this state. The state or a political subdivision shall not be liable under 
the provisions of The Governmental Tort Claims Act for any act or omission of an 
employee acting outside the scope of the employee's employment.
B. The liability of the state or political subdivision under The Governmental 
Tort Claims Act shall be exclusive and shall constitute the extent of tort 
liability of the state, a political subdivision or employee arising from common 
law, statute, the Oklahoma Constitution, or otherwise. If a court of competent 
jurisdiction finds tort liability on the part of the state or a political 
subdivision of the state based on a provision of the Oklahoma Constitution or 
state law other than The Governmental Tort Claims Act, the limits of liability 
provided for in The Governmental Tort Claims Act shall apply.

[5] This 
provision reads:
The state or a political subdivision shall not be liable if a loss or claim 
results from:
. . . .
4. Adoption or enforcement of or failure to adopt or 
enforce a law, whether valid or invalid, including, but not limited to, any 
statute, charter provision, ordinance, resolution, rule, regulation or written 
policy;
. . . .
29. Any claim based upon an act or omission of an employee 
in the placement of children.

[6] 
Plaintiffs' allegations of fact are taken as true only for the purpose of 
determining whether an actionable claim has been alleged. Indiana Nat'l 
Bank, 1994 OK 98 at ¶ 3, 880 
P.2d at 375.

[7] The 
allegation regarding what transpired regarding the report of Daughter's abuse 
may also be considered as a complaint about enforcement of the law. Thus, 
Skurnack provides persuasive authority that DHS is immune regarding the 
allegations relating to Daughter's abuse.

[8] This 
provision of the Oklahoma Constitution reads:
The right of the people to be secure in their persons, houses, papers, and 
effects against unreasonable searches or seizures shall not be violated; and no 
warrant shall issue but upon probable cause supported by oath or affirmation, 
describing as particularly as may be the place to be searched and the person or 
thing to be seized.

[9] Another 
way to state the problem is: What is the scope of the precedent set by Bosh? 
See Shawn J. Bayern, Case Interpretation, 36 Fla. St. Univ. L. R. 125 
(2009), for interpretation background and one approach to determining the 
meaning of cases.

[10] In 
Bryson v. Oklahoma County, 2011 OK CIV APP 98, 261 P.3d 627, the Court recognized 
that the GTCA did not provide immunity for a prisoner's claim that a detention 
officer using excessive force violated his constitutional rights under Okla. 
Const., Art. 2, § 30 and the Fourth Amendment to the United States 
Constitution.

[11] 
See Jackson v. Oklahoma City Pub. Sch., 2014 OK CIV APP 61, 333 P.3d 975, finding Bosh 
inapplicable to a claim that a teacher committed an assalt and a battery on a 
student because the student was neither arrested nor detained.

[12] Farmer v. Brennan, 511 U.S. 825, 
834, 114 S. Ct. 1970, 1977 (1994) (not every injury suffered by a prisoner 
translates into a constitutional rights violation); Estelle v. Gamble, 
429 U.S. 97, 104, 105, 97 S. Ct. 285, 291 (1976) (physician negligence or 
malpractice regarding inmates alone does not amount to a violation of 
constitutional rights).

[13] 
This Court finds no legal significance from the fact that many of these cases 
involve search and seizure or cruel and unusual punishment as opposed to other 
constitutional rights. The Bosh Court did not limit protection to 
specific constitutional rights and guarantees.

[14] 
See n.11.

[15] 
Yvonne L., By and Through Lewis v. New Mexico Dep't of Human Services, 
959 F.2d 883 (10th Cir. 1992) (minors in state custody have constitutional right 
to safety).

[16] 
This Court notes that the DHS' motion is not a motion for summary judgment nor a 
motion to dismiss treated as a summary judgment. Thus, the provision for 
additional discovery in summary judgment proceedings does not apply here. 12 O.S.2011, § 2056(F); Rule 13(d), 
Rules for Districts Courts, 12 O.S.2011, Ch. 2, app. Moreover, Plaintiffs did 
not comply with the requirements of Section 2056(F) and Rule 13(d). In an 
unreported decision, the Court ruled that the federal equivalent Rule does not 
apply to motions to dismiss. Xie v. University of Utah, 243 Fed. Appx. 
367 (10th Cir. 2007).

[17] 
Section 2006(B)(1) provides:
B. ENLARGEMENT. When by this title or by a notice given thereunder by order 
of court an act is required or allowed to be done at or within a specified time, 
the court for cause shown may at any time in its discretion:
1. With or without motion or notice order the period enlarged if request 
therefor is made before the expiration of the period originally prescribed or as 
extended by a previous order.
 
 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1989 OK CIV APP 47, 778 P.2d 937, 60 OBJ 2221, Langford v. Anderson
Discussed
 2002 OK CIV APP 37, 46 P.3d 198, SKURNACK v. STATE EX. REL. DEPT. OF HUMAN SERVICES
Discussed
 2004 OK CIV APP 73, 99 P.3d 1209, TANIQUE, INC. v. STATE ex rel. OKLA. BUREAU OF NARCOTICS AND DANGEROUS DRUGS
Discussed
 2004 OK CIV APP 75, 99 P.3d 703, BORDWINE v. OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM
Discussed
 2005 OK CIV APP 39, 116 P.3d 195, FELKINS v. OKLAHOMA FIREFIGHTERS PENSION and RETIREMENT SYSTEM
Discussed
 2011 OK CIV APP 98, 261 P.3d 627, BRYSON v. OKLAHOMA COUNTY ex rel. OKLAHOMA COUNTY DETENTION CNTR.
Discussed at Length
 2014 OK CIV APP 61, 333 P.3d 975, JACKSON v. OKLAHOMA CITY PUBLIC SCHOOLS
Discussed
 2000 OK CIV APP 44, 3 P.3d 711, 71 OBJ 1342, SPIELMAN v. HAYES
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1994 OK 98, 880 P.2d 371, 65 OBJ 2520, Indiana Nat. Bank v. State Dept. of Human Services
Discussed at Length
 1945 OK 55, 156 P.2d 340, 195 Okla. 131, OKLAHOMA COUNTY v. QUEEN CITY LODGE No. 197
Discussed
 1971 OK 32, 482 P.2d 927, THOMPSON v. INMAN
Discussed
 1995 OK 126, 911 P.2d 257, 66 OBJ 3566, Resolution Trust Corp. v. Greer
Discussed
 1974 OK 35, 520 P.2d 662, HIGH v. SOUTHWESTERN INSURANCE COMPANY
Discussed
 2003 OK 12, 67 P.3d 333, HUMPHRIES v. LEWIS
Discussed
 1930 OK 563, 297 P. 228, 148 Okla. 70, STONE v. BONAPARTE
Discussed
 2006 OK 67, 145 P.3d 1055, WORSHAM v. NIX
Cited
 2008 OK 1, 176 P.3d 1204, DARROW v. INTEGRIS HEALTH, INC.
Discussed
 1996 OK 125, 932 P.2d 1100, 67 OBJ 3566, Neil Acquisition, L.L.C. v. Wingrod Investment Corp.
Discussed
 2009 OK 91, 227 P.3d 1060, POWERS v. DISTRICT COURT OF TULSA COUNTY
Discussed
 2010 OK 78, 246 P.3d 454, DAVIS v. MARTIN MARIETTA MATERIALS INC.
Discussed
 2013 OK 9, 305 P.3d 994, BOSH v. CHEROKEE COUNTY GOVERNMENTAL BUILDING AUTHORITY
Discussed at Length
 2013 OK 64, 307 P.3d 337, COURTNEY v. STATE OF OKLAHOMA
Discussed
 2014 OK 42, 328 P.3d 1192, SMITH v. CITY OF STILLWATER
Discussed
 1998 OK 24, 956 P.2d 887, 69 OBJ 1172, MILLER v. MILLER
Discussed
 1999 OK 68, 990 P.2d 235, 70 OBJ 2226, State ex. rel. Dept. of Human Services v. Baggett
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2056, Motion for Summary Judgment
Cited
 12 O.S. 320, Repealed by Laws 1984, SB 417, c. 164, § 32, eff. November 1, 1984
Cited
 12 O.S. 2006, Time
Discussed
 12 O.S. 2012, Defenses and Objections - When and How Presented - By Pleading or Motion
Cited
Title 51. Officers
 Cite
Name
Level

 51 O.S. 155, Exemptions From Liability
Cited
 51 O.S. 153, Liability - Scope - Exemption
Discussed